**ALBERT Y. DAYAN**
*Attorney at Law*

80-02 Kew Gardens Rd., # 902, Kew Gardens, N.Y. 11415
Tel: (718) 268-9400;   Fax: (718) 268-9404

April 4, 2017

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York. New York 10007

Re:   United States v. Albert Baratov
      15 Cr. 421 (PKC)

Dear Judge Castel:

Please accept this letter as a motion pursuant to 28 U.S.C. § 2255, on behalf of Albert Baratov who I represented on the above-captioned indictment.

Mr. Baratov appeared before Your Honor for sentencing on January 12, 2016, on his plea of guilty to a violation of 18 U.S.C. § 1349, Conspiracy to Commit Bank Fraud. He received a sentence of 48 months imprisonment. The sentence represented a downward variance from a recommended guidelines sentencing range of 57 to 63 months. The calculation of that range included an 18 level increase of the offense level for a "loss" of $2.8 million as per the "loss" table in guidelines Section 2B1.1.

Soon after his sentence, but well in advance of the expiration of twelve months after his sentence, Mr. Baratov, who was serving his sentence, contacted me and brought to my attention the fact that the recommended sentencing range set out in his Pre-Sentence Investigation Report was incorrect. That is, he had learned, that at the time of his plea and the preparation of his probation report, in 2015, the upward adjustment for a loss of 2.5 million or above was 18 levels. But immediately prior to the date of his sentencing, January of 2016, the upward adjustment for a loss of that amount was amended and lowered to 16 levels. Thus, the calculation of the Guidelines, the starting point for the sentencing process was erroneously two high.

My failure to notice this error and move to have it corrected before Mr. Baratov was sentenced was a clear omission on my part.

I assured Baratov that this error in his sentencing procedure and its potential negative effect on his sentence could be addressed by means of a motion pursuant to 28 U.S.C. § 2255 and that I would file one on his behalf. This is where I compounded my original error. I believed, correctly, at that time and I so informed Baratov, that a 2255 motion had to be brought within one year from the date his sentence became final. But, I was mistakenly led to believe that a sentence became final 90 days after it is imposed even assuming an appeal was not perfected. Therefore, I believed that the critical date for filing a 2255 motion for Mr. Baratov was April 8, 2017. I did not become aware of my flawed reasoning until late March, 2017 when AUSA David Lewis, who I contacted to discuss the 2255 that I intended to file, pointed out my grievous error.

My representation of Mr. Baratov with regard to this aspect of his sentencing and my efforts to correct it were in error. And I respectfully beg this Court that he should not suffer for my errors. Accordingly, it is respectfully requested that Mr. Baratov be resentenced.

Respectfully submitted,

_____/s/_____
Albert Dayan, Esq.
Attorney for the Defendant
80-02 Kew Gardens Road, Suite 902
Kew Gardens, New York 11415
(718) 268-9400 (voice)
(718) 268-9404 (facsimile)
dayanlaw@aol.com